# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627     Fax: (718) 855-4696

March 22, 2020

**BY ECF**
I. Leo Glasser
United States District Judge
United States District Court for the Southern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Kumer, et al. v. Bank Saderat Iran, et al.*
          Case no. 18-CV-7456 (ILG)

Dear Judge Glasser,

    We represent Plaintiffs in the above-referenced case, and respectfully write in response to the Order to Show Cause ("OSC") entered by Your Honor on March 6, 2020.

    This is a civil action for damages under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, brought by American citizens harmed by rocket attacks carried out by the Hezbollah terrorist organization in the summer of 2006 against civilian population centers in Israel. Defendants are Bank Saderat PLC ("BSPLC") and Bank Saderat Iran ("BSI"), which intentionally provided at least $50 million to Hezbollah funding, facilitating and enabling terrorist attacks such as those that harmed Plaintiffs.

    On February 25, 2020, 18 plaintiffs herein who also assert ATA claims against BSPLC in *Kaplan, et al. v. Central Bank of the Islamic Rep. of Iran, et al.,* 19cv3142 (ILG) ("*Kaplan v. Central Bank*"), moved to dismiss without prejudice their duplicative ATA claims against defendant BSPLC, in the above-referenced action. (DE 11).

    The 18 plaintiffs herein who are also plaintiffs in *Kaplan v. Central Bank* moved for an order dismissing their claims against BSPLC without prejudice, rather than simply filing a notice of voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i), in light of cases holding that a plaintiff may only dismiss an entire action, as opposed to part of an action, by means of a Rule 41(a)(1)(A)(i) notice. *See e.g. Robbins v. City of New York*, 254 F. Supp. 3d 434, 436–37 (E.D.N.Y. 2017) ("Federal Rule of Civil Procedure 41(a)(1)(A) provides that 'the plaintiff may dismiss an action without a court order' by, inter alia, filing a pre-answer notice. Plaintiff may therefore unilaterally dismiss this action, but the Rule does not authorize her to dismiss a single claim.").

However, all Plaintiffs herein have decided, after further consideration and for several reasons (including Your Honor's observations in the OSC about a multiplicity of actions), to dismiss this action in its entirety. Accordingly, contemporaneously with the submission of this letter, all Plaintiffs herein are filing a Notice of Voluntary Dismissal Without Prejudice, in which they dismiss the above-referenced action without prejudice as against both defendants under Rule 41(a)(1)(A)(i).

We also respectfully note that the 18 plaintiffs herein who are also plaintiffs in *Kaplan v. Central Bank* have filed a motion for entry of final default judgment against BSPLC in *Kaplan v. Central Bank*, and will continue to prosecute their ATA claims against BSPLC in that case to final judgment.

Finally, Plaintiffs respectfully seek to provide clarification regarding the background to the overlapping cases noted by Your Honor:

The *Kaplan v. Central Bank* action was filed in the U.S. District Court for the District of Columbia in 2010. That case asserted ATA claims against BSPLC, claims under the Foreign Sovereign Immunities Act ("FSIA") against BSI, the Islamic Republic of Iran ("Iran"), and various Iranian government parties, and claims against various defendants under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. The D.C. district court eventually entered judgment in favor of plaintiffs against Iran, dismissed the FSIA and ATS claims against the other defendants on various grounds, and dismissed the ATA claim against BSPLC on the basis of the ATA's "act of war" exception.

Plaintiffs also filed an action in the D.C. district court in 2009, asserting ATA claims against Hezbollah and FSIA claims against North Korea. *Kaplan, et al. v. Hezbollah*, et al. 09-cv-646 (D.D.C.) ("*Kaplan v. Hezbollah*"). In that case, the D.C. district court ultimately entered judgment in favor of Plaintiffs against North Korea, and dismissed the ATA claim against Hezbollah on the basis of the "act of war" exception.

Plaintiffs appealed the "act of war" dismissals of their ATA claims against BSPLC and Hezbollah to the D.C. Circuit, which in July 2018 vacated the dismissals and remanded for a determination of BSPLC's challenge to personal jurisdiction and a *sua sponte* determination of personal jurisdiction over Hezbollah. *Kaplan v. Central Bank*, 896 F.3d 501 (D.C. Cir. 2018).

After remand, in October 2018, Plaintiffs moved the D.C. district court to transfer their ATA claims against BSPLC and Hezbollah to this Court, in the belief that personal jurisdiction over BSPLC and Hezbollah could more likely be demonstrated in New York than in D.C. (*See Kaplan v. Central Bank*, 19-cv-3142 at DE 72; *Kaplan v. Hezbollah*, at 94.).

The D.C. district court granted Plaintiffs' motions to transfer venue in both cases. *See Kaplan v. Central Bank*, 2019 WL 2103424 (D.D.C. May 14, 2019); *Kaplan v. Hezbollah,* 2019 WL 2103168 (D.D.C. May 14, 2019).

Notably, the D.C. district court stated in its May 14, 2019 decisions that it had considered dismissing the cases, instead of transferring them. "The Court is left with two options: dismiss the case for lack of personal jurisdiction or transfer the case to a district where it could have been brought."

*Kaplan*, 2019 WL 2103424, at *2. *Cf. Kaplan*, 2019 WL 2103168, at *2 ("The Court is left with two options: dismiss the case for lack of personal jurisdiction or transfer the case to a district where it could have been brought.").

The risk that the D.C. district court could have dismissed the ATA claims against BSPLC and Hezbollah was greatly magnified by the fact that the statute of limitations for those claims expired on January 2, 2019—i.e., during the pendency of plaintiffs' motions to transfer venue. Thus, if Plaintiffs had awaited the outcome of the D.C. district court disposition of their motions to transfer, the January 2, 2019 limitations date would have passed. In such circumstances—i.e., where, as here, a plaintiff faces unresolved jurisdictional challenges to a suit in one venue and the imminent expiration of a statute of limitations which would bar a new suit in a different venue—the proper course is to file a "protective suit" in the latter venue. *See e.g. Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) ("Elementary prudence" requires a party "to file a protective suit" prior to the expiration of the statute of limitations, when personal jurisdiction is challenged in the first action); *Wager v. Frehner Const. Co.,* 2011 WL 971963, at *2 (D.S.D. Mar. 16, 2011) ("Frehner … filed a motion to dismiss for lack of jurisdiction … Plaintiff instituted a protective suit in the District of Nevada…against Frehner…to comply with the statute of limitations in that jurisdiction.").

Accordingly, Plaintiffs in *Kaplan v. Central Bank* filed the above-referenced action as a "protective suit," prior to the expiry of the ATA statute of limitations, to guard against the risk that the D.C. district court would dismiss their ATA claims against BSPLC in *Kaplan v. Central Bank*, rather than transfer them. In addition to the original plaintiffs in *Kaplan v. Central Bank*, three family members of those plaintiffs (the "Kumer plaintiffs") were also named as plaintiffs in the above-referenced action. Also, BSI (which was dismissed from *Kaplan v. Central Bank* after the D.C. court found that it was not subject to suit under the FSIA since it has been privatized) was named as a defendant in the above-referenced action.

Similarly, the plaintiffs filed a "protective suit" against Hezbollah in this Court prior to the expiration of the ATA statute of limitation, lest the D.C. court dismiss rather than transfer the *Kaplan v. Hezbollah* action. In that case, too, the three additional Kumer plaintiffs joined the action. See *Kumer v. Hezbollah*, 18-cv-7449 (CBA) (E.D.N.Y.) ("*Kumer v. Hezbollah*").

In sum:

• The overlapping cases noted in the Court's OSC resulted solely from the filing of "protective suits," which in the circumstances was both proper and demanded by "[e]lementary prudence." *Cote*, at 985. If the D.C. district court had dismissed rather than transferred the cases in May 2019 (which its May 14 decisions indicate was a real possibility), it would have been too late for the plaintiffs to file new actions against BSPLC or Hezbollah.

• Following the voluntary dismissal in its entirety of the above-referenced case, and Judge Cogan's dismissal of the *Kaplan v. Hezbollah* action, the plaintiffs herein no longer have any overlapping cases or claims. Rather, (i) 18 of the plaintiffs herein are pursuing their ATA claims against BSPLC in the Kaplan v. Central Bank action, and; (ii) all the plaintiffs herein are pursuing their ATA claims against Hezbollah in *Kumer v. Hezbollah*.

Plaintiffs regret any lack of clarity in respect to the matters discussed above heretofore, and thank the Court for its consideration.

Respectfully yours,

Robert J. Tolchin